IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRAN-MARIE GRANT RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-3247-M |
| NATIONAL CREDIT ADJUSTERS, L.L.C., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 17). For the reasons stated below, the Motion is **GRANTED**.

### I.  Factual and Procedural Background

Plaintiff Fran-Marie Grant Richards alleges that Defendant National Credit Adjusters, L.L.C. repeatedly called her cell phone using an automatic telephone dialing system. (Compl. ¶¶ 10, 44, ECF No. 1). Defendant was calling in order to collect an alleged consumer debt, but failed to provide Plaintiff any "proof, in writing, as to the nature of the debt." (*Id.* ¶¶ 11-12). Even after Plaintiff requested that the calls cease, she received at least thirty phone calls from Defendant. (*Id.* ¶ 20). Plaintiff seeks statutory damages, attorney's fees, and costs under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. §§ 227 *et seq.* (Compl. ¶¶ 41, 47; Mot. at 4, ECF No. 17).

### II.  Legal Standard

Three steps are required to obtain a default judgment: (1) default by a defendant; (2) entry of default by the Clerk; and (3) entry of a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84

F.3d 137, 141 (5th Cir. 1996). A default occurs when the defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a). When default is established by an affidavit, the Clerk will enter default. *Id.* The plaintiff may then move for a default judgment. *Id.* at 55(b)(2).

An entry of default does not itself warrant a default judgment; rather, there must be "sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).[1] Factual allegations in the pleading need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 497 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

If the pleading is sufficient, the court may then enter default judgment in its discretion. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Before doing so, courts consider the *Lindsey* factors: (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

---

[1] This "low threshold" is less rigorous than that under Rule 12(b)(6). *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's *inaction*," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

**III.     Analysis**

On November 29, 2017, Plaintiff filed her Complaint. (ECF No. 1). As an LLC, Defendant is neither a minor nor an incompetent person, nor can it be active in military service. *See* FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931. On February 9, 2018, Defendant's registered agent was served with the summons and a copy of the Complaint. (ECF No. 14); *see also* FED. R. CIV. P. 4(h) ("[A] domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served . . . by delivering a copy of the summons and of the complaint to a [registered agent]."). Defendant was required to answer or otherwise respond "within 21 days after being served" with process, but failed to do so.[2] FED. R. CIV. P. 12(a)(1)(A)(i). On March 5, 2018, the Clerk properly entered default based on Plaintiff's affidavit attesting to the same. (ECF No. 16).

Taking the factual allegations in the Complaint as true, the Court finds that there is a sufficient basis to support a default judgment and that damages, attorney's fees, and costs can be "computed with certainty by reference to the pleadings and supporting documents alone," rendering an evidentiary hearing unnecessary. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

**a.  Violations of the FDCPA**

In connection with the collection of a debt, a debt collector may not:

- Communicate with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer,"  15 U.S.C. § 1392c;

---

[2] The summons also instructed Defendant to serve Plaintiff a response within twenty-one days after the date of service. (ECF No. 14) The summons warned that failure to comply would result in default judgment against Defendant for the relief demanded in the Complaint. (*Id.*) As of the date of this Order, Defendant has not made an appearance.

- Engage in "any conduct the natural consequence of which is to harass, oppress, or abuse," such as "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass," *id.* § 1692d;

- Use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e; or

- Use "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1392f.

Finally, § 1692g requires a debt collector to, "[w]ithin five days after the initial communication with a consumer . . . send the consumer a written notice containing" several pieces of information, such as the amount of the debt and the name of the creditor to whom the debt is owed. *Id.* § 1692g. Any debt collector who violates the FDCPA is liable for statutory damages not exceeding $1,000 and reasonable attorney's fees and costs incurred by the plaintiff.[3] *Id.* § 1692k(a)(2)-(3).

Plaintiff alleges that Defendant violated the FDCPA by repeatedly calling Plaintiff over thirty times, with multiple calls during the same day, even after being notified to stop. (Compl. ¶¶ 13, 19-20, 31, 38). She found such conduct "harassing and abusive," and the calls worried her. (*Id.* ¶¶ 31, 38). Plaintiff also alleges that Defendant failed to provide any written notice at all, despite her request for information. (*Id.* ¶¶ 12, 40). The Court finds that there is a sufficient basis to support a default judgment on Plaintiff's FDCPA claim.

In connection with the default judgment, Plaintiff seeks $1,000 in statutory damages. *See also Ramsey v. Delray Capital LLC*, 2016 WL 1701966, at *6 (N.D. Tex. Apr. 28, 2016) ("[A]

---

[3] Under the FDCPA, a "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due." 15 U.S.C. § 1692a(6). A "consumer" means "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). The FDCPA is applicable here because Plaintiff alleges that she is a "consumer" and that Defendant is a "debt collector," as defined by the FDCPA. (Compl. ¶ 26-27).

plaintiff need not establish actual damages to recover statutory damages under the FDCPA."). Courts consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" in determining statutory damages.  15 U.S.C.§ 1692k(b)(1). Based on the allegations in the Complaint, a statutory award of $1,000 is appropriate.[4]

Plaintiff also seeks $3,093.75 in attorney's fees and $478.34 in costs.  (Mot. at 4). Because Plaintiff is entitled to recover statutory damages, she is also entitled to reasonable attorney's fees and costs.  15 U.S.C. § 1692k(a)(3).  Plaintiff's attorney has submitted detailed records of the time spent on various tasks related to this case.  (ECF No. 17-1).  He and his paralegal worked 10.25 hours at a blended rate of $302.  (*Id.*)  No additional facts indicate that the fees should be adjusted, and the Court finds the rate reasonable and that the time expended was reasonably necessary to bring this matter to a conclusion.  Plaintiff's attorney also submits a breakdown of costs, which the Court finds were reasonable and necessarily incurred in prosecuting this matter.  Accordingly, the Court awards $3,572.09 in attorney's fees and costs.

   b. **Violations of the TCPA**

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  A plaintiff may recover $500 for each violation of the TCPA.  *See id.* § 227(b)(3)(B).  Plaintiff alleges that Defendant called her cellphone thirty times to collect on a

---

[4] .*See also Knoerr v. Pinnacle Asset Grp., L.L.C.*, 2017 WL 1177970, at *2 (S.D. Tex. Mar. 30, 2017) (in the context of a default judgment, finding statutory damages of $1,000 under the FDCPA appropriate without a hearing); *Bables v. Hillcrest Davidson & Assocs.*, 2018 WL 1368813, at *1 (N.D. Tex. Mar. 14, 2018) (same).

debt, using an automatic telephone dialing system, and did so without her consent. (Compl. ¶¶ 10, 13-14, 44-45). She alleges that she pays for her cellular telephone service. (*Id.* ¶ 9). The Court finds that there is a sufficient basis to support a default judgment on Plaintiff's TCPA claim. Based on the allegations, Plaintiff is entitled to $15,000 in damages—thirty phone calls at $500 each.

### c. *Lindsey* Factors

Having concluded that there is a sufficient basis to support a default judgment, the Court turns to the *Lindsey* factors. The factors favor granting default judgment. There are no material issues of fact at issue; because Defendant has failed to respond, the Court takes the facts from the Complaint as true. There has been no substantial prejudice against Defendant as it was properly served. The ground for default was clearly established, and the Clerk properly entered default against Defendant. There is nothing before the Court indicating that Defendant's failure to appear was a good faith mistake or excusable neglect. Entering default judgment against Defendant, who has taken no action to respond to this action, is not harsh, especially considering that it had more than three months to respond to Plaintiff's Complaint and over a month to respond to Plaintiff's Motion for Default Judgment. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *1 (N.D. Tex. May 1, 2013).

## IV.  Conclusion

For the reasons stated above, Plaintiff's Motion for Default Judgment is **GRANTED**. A final judgment consistent with this Order will be promptly issued.

**SO ORDERED**.

May 9, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

6